Green, Judge,
delivered the opinion of the court:
This case has been loosely submitted and the evidence is not as complete and satisfactory as it should have been. For example, there is no definite testimony as to the amount of taxes paid by plaintiff’s mother on her house or land, although the exact amount could easily have been ascertained^ *474 nor does this item seem to hare been included in any statement with reference to her expenses.
Nor is the evidence as conclusive as the court might wish upon the amount of plaintiff’s mother’s expenses. Some of the items of her expense are obviously necessary and reasonable ; on other items the court is obliged to reach the best conclusion it can from a meager quantity of evidence. Plaintiff’s sister, with her family, lives with plaintiff’s mother in the latter’s house, paying half the household expenses, but nothing else. As the advanced age of plaintiff’s mother (seventy-five years) makes it necessary that she should have some one in the house who would look after her in case of emergency this arrangement does not seem to be unreasonable, although the evidence does not disclose how much of a family plaintiff’s sister has.
The evidence shows that the living expenses of plaintiff’s mother were $140 to $150 a month, including fuel, clothing, food, medical attention, and other household expenses, together with repairs on the house. Without determining whether all this was necessary and making due allowance for the income which plaintiff’s mother received, we conclude that plaintiff was her chief support.
The evidence shows that plaintiff received rental and subsistence allowance up to and including May 24, 1923, and while deductions were made on account of payments thereon by the Comptroller General, the Supreme Court of the District of Columbia, in an action commenced by plaintiff ■against the Secretary of the Navy and the Comptroller General, entered a judgment and order in favor of plaintiff, directing that no further amount be checked against him and that all amounts previously checked be refunded. It appears, therefore, that the plaintiff is entitled to recover rental and subsistence allowance because of a dependent mother from May 25, 1923, to June 5, 1924, at the rate provided by law for a lieutenant commander in the United States Navy on active duty, and from June 5, 1924, up to the date of this judgment, April 7, 1930, at the rate provided by law for a commander in the United States Navy ■on active duty. Judgment will be entered accordingly upon *475 the recéipt of a report from the General Accounting Office showing the amount due.
Williams, Judge; Littleton, Judge; Graham, Judge; and Booth, Chief Justice, concur.